IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                     No.  CR-10-3383 WJ

ELIZABETH D. KUPFER,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
ELIZABETH KUPFER'S MOTION FOR SEPARATE TRIAL ON COUNTS 9–11**

    THIS MATTER comes before the Court on Defendant Elizabeth Kupfer's Motion to Sever Defendants **(doc. 81)**, filed August 18, 2011.  By Order docketed as pleading 131, the Court severed Counts 1–8 of the Superceding Indictment from Counts 9–11.  Elizabeth Kupfer is only charged in Counts 9–11.  Accordingly, as a result of the Court's previous severance order, Defendant has been severed out from Counts 1–8 which charges crimes against Defendants Armando Gutierrez and Joseph Kupfer.  Counts 9–11 charges crimes against Defendants Elizabeth Kupfer and Joseph Kupfer who are married.  The Kupfers are charged in Counts 9–11 with tax evasion in violation of 26 U.S.C. § 7201.  Even though the Court has already severed the three tax evasion counts charged against Mr. and Mrs. Kupfer from the other eight counts in the Superceding Indictment, Mrs. Kupfer still seeks severance and a separate trial from her husband.  The Court, after reviewing the applicable law and considering the written and oral arguments of counsel, finds that Mr. Kupfer and Defendant should be tried together as joint defendants as to Counts 9–11 of the Superceding Indictment.  Accordingly, the remaining portion of Defendant's motion to sever is **DENIED**.

    As the Government correctly points out, the United States Supreme Court has approved

of trying defendants jointly in one trial.  *See Zafiro v. United States*, 506 U.S. 534, 537 (1993).  Since Mr. and Mrs. Kupfer are charged with tax evasion, the Government's proposal to try them jointly certainly comports with Fed. R. Crim. P. 8(b) in that the Kupfers are alleged to have participated in the same acts or transgressions or in the same series of acts or transactions constituting offenses against the United States.  Thus, the issue for the Court to decide is whether Mrs. Kupfer has satisfied her heavy burden of showing prejudice to her by being tried jointly with her husband such that the Court, pursuant to Fed. R. Crim. P. 14,  should sever Mr. and Mrs. Kupfer as defendants and order separate trials on the tax evasion counts.  The Court finds that Defendant has not satisfied her burden at showing prejudice to her by being tried jointly with her husband on the three tax evasion counts.

In support of her severance motion, Defendant claims that her co-defendant husband would testify to the effect that she was not involved in the business Kupfer Consulting ("KC") or in charge of tax-related matters.  Defendant and the Government both cite to *United States v. McConnell*, 749 F.2d 1441, 1445 (10th Cir. 1984) for the appropriate factors the Court should consider in determining whether to grant a severance motion based on alleged exculpatory co-defendant testimony.  The *McConnell* factors are: (1) the likelihood that the co-defendant will actually testify, (2) the significance of the testimony in relation to the defendant's theory of the case, (3) the exculpatory nature of the testimony, (4) the likelihood that the co-defendant's testimony will be impeached, (5) the extent of prejudice caused by absence of the testimony, (6) the effect of a severance on judicial administration and economy; and (7) the timeliness of the motion.  *Id.*

As a preliminary matter, Defendant's motion is timely, and so the last factor does not weigh against severance.  As to the first factor, counsel for Mrs. Kupfer and counsel for Mr. Kupfer said in open court that Mr. Kupfer would testify, but there was no affidavit signed by Mr.

Kupfer or anything submitted that would constitute an evidentiary record of what Mr. Kupfer would testify about other than statements of counsel.  Defendant's cited cases are against her on this point.  *See U.S. v. Ellick*, 166 F.3d 348 at *7 (10th Cir. 1998) (unpublished decision) (rejecting defendant's arguments for severance where the defendant "offered only his bare assertions that Harper and Lee would have testified in his favor at a severed trial," stating that "[w]e cannot so easily conclude they would have waived their Fifth Amendment privileges"); *U.S. v. Pursley*, 577 F.3d 1204, 1216 (10th Cir. 2009) ("We rest our conclusion upon the *absence,* at the time the motions were filed, of affidavits from Mr. Shields and Mr. Templeman validating Mr. Wardell's assertions—that is, expressing an intention to invoke their Fifth Amendment privilege in a joint trial, stating that they would testify in a severed trial, and identifying the exculpatory content of their testimony.").  Defendant cites *United States v. Rogers*, 925 F.2d 1285, 1287 (10th Cir. 1991) for the proposition that an affidavit is not required in order for a severance to be granted.  The Court cannot find such a holding in that case, a case affirming a denial of severance, and in which an affidavit was in fact submitted to the court.  Nevertheless, though an affidavit may not be absolutely required for a severance, without an affidavit or any other assurance that Mr. Kupfer would in fact testify, this element of the analysis weighs against severance.

As to the second, third, and fourth elements, any testimony by Mr. Kupfer to the effect that Defendant was not involved in his business, his negotiation of contracts, nor compiling documents for the purpose of submitting for the preparation of tax returns appears to be somewhat relevant to her theory of the case and even somewhat exculpatory.  However, as the Government points out, other questions, including whether she was aware of the nature of the funds, are much more central to the charges against Defendant.  Additionally, the proposed testimony by Mr. Kupfer does not, as far as Defendant has represented to the Court, appear to

3

establish that she was unaware of the nature or existence of the income, or that she did not conceal the funds from the IRS. To the extent that his testimony would include such evidence, the United States has included exhibits, including checks signed by Defendant, which would be used to impeach that aspect of any such proposed testimony. Therefore, after considering the arguments of the parties and the factual tender, the second, third, and fourth *McConnell* factors weigh against severance. Additionally, because of the limited relevance and exculpatory nature of what defense counsel said would be Mr. Kupfer's testimony and the likelihood that it would be impeached, its absence would cause little prejudice to Defendant, and so the fifth factor too weighs against severance.

Severance would impose significant burdens upon Judicial administration and economy. The Court has already allowed severance of Counts 1–8, which contained the additional matters of proof which Defendant originally argued did not apply to her. The remaining matters in Counts 9–11 relate closely to both Mr. Kupfer and Defendant. Therefore, granting yet another severance of Mr. Kupfer and Defendant on Counts 9–11 would involve duplication of extensive matters of proof, and would impose a significant burden upon the courts. Therefore the sixth *McConnell* factor weighs heavily against severance.

Accordingly, after analyzing Defendant's requested severance for the purpose of procuring her co-Defendant's testimony, the factors together weigh decidedly against granting the severance. Defendant has failed to meet her heavy burden to show real and substantial prejudice, and severance would impose significant detriment to judicial economy. Therefore the Court hereby **DENIES** Defendant's motion.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE